UNITED STATES BANKRUPTCYCOURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                            :         Chapter 13

In re:                                                        :

                                                          :         Case No. 05-55020 (cgm)

        PAUL FISHWICK,                          :

                                                          :

                                   Debtor.          :

                                                          :
-------------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## ON DEBTOR'S APPLICATION FOR AN
## <u>ORDER TO SHOW CAUSE PURSUANT TO 11 U.S.C. § 362(c)(3)(B)</u>

      Debtor's Chapter 13 case, filed on November 4, 2005, is subject to the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  Because the Debtor's prior Chapter 13 filing was dismissed in the year prior to the date of the present filing, Debtor seeks an extension of the automatic stay pursuant to 11 U.S.C. § 363(c)(3)(B).

      Section 363(c)(3) provides:

      **(c)** Except as provided in subsections (d), (e), (f), and (h) of this section –

      \* \* \*

      **(3)** if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b) –
          **(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
          **(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and
          **(C)** for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
              **(i)** as to all creditors, if –

        **(I)** more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;
        **(II)** a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to –
            **(aa)** file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);
            **(bb)** provide adequate protection as ordered by the court; or
            **(cc)** perform the terms of a plan confirmed by the court; or
        **(III)** there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded –
            **(aa)** if a case under chapter 7, with a discharge; or
            **(bb)** if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
**(ii)** as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor[.]

    Debtor's Schedules, Statement of Financial Affairs, Chapter 13 Plan, Employee Income Records, and "Statement of Monthly Income and Calculation of Commitment Period and Disposable Income" were filed on November 11, 2005 (ECF Docket Nos. 5, 6, 7, 8 and 9).

    On November 21, 2005, the Debtor filed this Application for an Order to Show Cause (ECF Docket No. 10; hereafter, the "Application"). By the Application, the Debtor seeks to extend the automatic stay pursuant to Section 362(c)(3)(B). Where Bankruptcy Code Section 362(c)(3)(A) applies, a Debtor or other party in interest must move for an extension of the stay prior to the termination of the stay on the 30th day after the filing of the case. The Court is authorized to extend the stay "after notice and a hearing completed before the expiration of the 30-day period," and the Court may only do so if the moving party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed".

    In the Application, the Debtor acknowledges that pursuant to Section 362(c)(3)(A), the 30-day stay will expire on or about December 5, 2005 and asks the

- 2 -

Court "to either shorten the usual return time in the consideration of a motion or to secure a temporary extension of said automatic stay until the court has the opportunity to review this matter."

In an affidavit submitted with the Application the Debtor states the following:

- That Debtor filed his prior Chapter 13 petition *pro se* on July 11, 2005. The Debtor indicates that he "did not understand the requirements of Chapter 13" and only filed a "skeleton petition" because he "did not know how to complete the rest of the papers." The Debtor also explains that he "simply did not know what [he] was doing" in the prior case.

- The Debtor claims changed circumstances in this bankruptcy filing in that he has hired legal counsel, and because the Debtor has already provided significant documentation in the current bankruptcy case.

- The Debtor claims that, given his annual gross salary of $120,000, "I am confident I will be able to meet the financial burdens of this Chapter 13."

The Court observes the following:

- The Debtor's Schedule A lists one parcel of real property located on Barkit Kennel Road in Pleasant Valley, New York. The same address is given on the petition as the Debtor's current address, although the Debtor indicates in his Statement of Financial Affairs that he vacated the property in September 2004. The Statement of Financial Affairs also indicates that a foreclosure action is pending against the Debtor, but does not state that a judgment of foreclosure and sale has been entered.

- Debtor's prior bankruptcy filing, Case No. 05-36929, was dismissed by order dated September 23, 2005, for failure to file schedules or the statement of financial affairs, failure to file a plan or to make plan payments, failure to appear at the meeting of creditors required by Bankruptcy Code Section 341(a), and failure to provide requested documentation to the Chapter 13 Trustee. Thus, it appears that the case is "presumptively filed not in good faith" as to all creditors under Section 362(c)(3)(C). Under Section 362(c)(3)(C)(i)(II)(aa) a dismissal in the prior year due to "mere inadvertence or negligence" that was not caused by a debtor's attorney is not a "substantial excuse" for the failure to file the required schedules, statements and plan.

- This Application was filed 17 days after the case was filed, and 10 days after all schedules were filed in the case. Thus, by filing this Application Debtor apparently believes the motion to extend the stay under Section 362(c)(3)(B) cannot be heard prior to December 5, 2005 on normal notice. It appears that the Application represents a Debtor-created emergency in that the Debtor could have brought the Application at an earlier time.

- The Application does not indicate whether the Debtor intends to extend the stay as to all creditors, or to one particular creditor. The Debtor proposes to

- 3 -

give notice of this Application only to the Chapter 13 Trustee, United States Trustee and the secured creditor, Chase Home Finance ("Chase").

- Debtor's Schedule J lists monthly net income of $1,100.48. In the "Statement of Monthly Income and Calculation of Commitment Period and Disposable Income," Debtor's "monthly disposable income under Section 1325(b)(2)" is listed as negative $299.06. In Schedule I, the Debtor states that he has been with the same employer for four years. Therefore, on the face of the Application, it does not appear that the Debtor's salary is a "substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case," suggesting that the case is "presumptively filed not in good faith" under Section 362(c)(3)(C)(i)(III), although there may be reason to believe that this case may result in a confirmed Chapter 13 plan that will be fully completed. 11 U.S.C. § 362(c)(3)(C)(i)(III)(bb).

Each request to extend the stay under Bankruptcy Code Section 362(c) is necessarily fact-specific, and therefore unique. From a review of the foregoing facts, it appears that grounds do not exist to extend the automatic stay because the case is "presumptively filed not in good faith" under Section 362(c)(3)(C)(i)(II) and (III). Notwithstanding the Court's preliminary ruling, and notwithstanding the fact that it appears the Debtor should have timely moved to extend the stay by normal notice, the Court will consider additional evidence from the Debtor prior to the expiration of the stay.

Upon the foregoing, it is hereby

**ORDERED** as follows:

1. A hearing shall be held on the Application on November 29, 2005 at 9:30 a.m. before the Honorable Cecelia G. Morris, United States Bankruptcy Judge, at the United States Bankruptcy Court, 176 Church Street, Poughkeepsie, New York, 12601.

2. The Debtor shall serve a copy of this order upon the Chapter 13 Trustee, United States Trustee, and upon all creditors listed in the petition by first-class mail by November 23, 2005, and upon Chase Home Finance by overnight mail and facsimile, by November 22, 2005.

Dated: Poughkeepsie, New York
November 22, 2005          /s/ Cecelia Morris
                           CECELIA G. MORRIS
                           UNITED STATES BANKRUPTCY JUDGE